**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: July 22 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30074 |
| | ) | |
| Barbae Rochelle Avery, | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**<u>ORDER</u>**

The court held a hearing on Debtor's Objection to Claim Number 6 ("Claim Objection") [Doc. # 26] of Claimant HCF of Lima, Inc.("Claimant") and Claimant's written response to the Objection [Doc. # 32]. The Chapter 13 Trustee appeared in person at the hearing. Attorney for Debtor appeared by telephone at the hearing. There was no appearance on behalf of Claimant at the hearing. [*See* Doc. ## 29, 31(setting out the procedure for contesting the Claim Objection)].

On February 28, 2015, Claimant submitted to the court a document intended to be its proof of claim. The document is a one page copy of what purports to be a state court default judgment. Debtor is identified in the body of the document as one of the defendants against whom a default judgment in the amount of $21,091.87, plus interest, attorney's fees of $1,375 and "such additional reasonable attorney fees accumulated after this date which will be determined upon the conclusion of this case," plus unspecified court costs. The document is numbered Claim 6-1 on the Claims Register.

Later on February 28, 2015, a four page filing was submitted as Amended Claim 6-2 on the Claims

Register. The first two pages of Amended Claim 6-2 are duplicates of the same one page state court default judgment. The last two pages of Amended Claim 6-2 are handwritten numbers, notes and calculations from which the sum of $11,437.39 is derived as apparently asserted to be owing by Debtor to Claimant. These handwritten pages include what is stated to be Debtor's cell phone and fax numbers. There are also what appear to be two full social security numbers on them. These same handwritten documents, including the full social security numbers, are attached as exhibits to Claimant's filed response to the Claim Objection.

Under Bankruptcy Code § 501, a "creditor...may file a proof of claim." 11 U.S.C. § 501(a). Under Bankruptcy Code § 502, a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest...objects." 11 U.S.C. § 502(a). The Judicial Conference of the United States has prescribed an Official Form for the filing of claims under § 501. That form is denominated Official Form 10. In the Clerk's notice to creditors of commencement of this case, page two includes the following information about Official Form 10 under the heading "Claims:"

> A proof of claim is a signed statement describing a creditor's claim. A Proof of Claim form (Official Form B10) may be obtained from the Research and Forms page of the court's website at www.ohnb/uscourts.gov, or at any bankruptcy clerk's office."

[Doc. ## 5, p. 2/2; 6, p. 4/4].

The applicable bankruptcy rules also require use of this and other Official Forms. Rule 9009, captioned " Forms," states that "[e]xcept as provided in Rule 3016(d) [not applicable here], the Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate..." Fed. R. Bankr. P. 9009. Bankruptcy Rule 3001, which is captioned Proof of Claim, states that "[a proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a).

Also, "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rule 3002 and 3005 [inapplicable here]." Fed. R. Bankr. P. 3001(b). And Bankruptcy Rule 9011 requires bankruptcy court filings to be signed by counsel or the party as appropriate. Fed. R. Bankr. P. 9011(a). On Official Form 10, these signature requirements are implemented by Box 8, which includes a series of check boxes by which the filer is to identify the capacity in which the filer is acting in filing the claim, as well as lines for title, address, and telephone information about the filer, all of which is absent from Claim 6-2. Most critically, a signature line, with a date, for the filer is set forth in Box 8 of Official Form 10. The signature line is under the statement: "I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information and reasonable belief."

2

The instructions on Official Form 10 for Box 8 relating to date and signature state:

> The individual completing this proof of claim must sign and date it. FRBP 9011....If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information and belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b).

Lastly, Bankruptcy Rule 9037, captioned Privacy Protection for Filing Made with the Court, permits a party or non-party making a filing to include only the last four digits of a social security number. Fed. R. Bankr. P. 9037(a)(1).

A properly executed and filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. Rule 3001(f). When an objection is filed, the objecting party bears the initial burden of producing sufficient evidence to rebut the presumption of validity given to the claim. *In re Leatherland Corp.,* 302 B.R. 250, 259 (Bankr. N.D. Ohio 2003). The burden then shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence. *Id.* While the burden of going forward shifts during the claims objection process, the ultimate burden of persuasion is always on the claimant to prove the claimed entitlement. *Id.* (citing *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991)).

Debtor is a party in interest with standing to object to the claim. As this is a Chapter 13 case, Debtor is responsible for paying allowed claims out of her projected disposable income through a confirmed plan. Debtor's Claim Objection decries the non-compliance of Claimant's filings at 6-1 and 6-2 of the Claim Register with Rule 3001 and the failure of those filings to conform in any substantial way to the Official Form. Claimant did not use Official Form 10. Instead of addressing the substance of the Claim Objection, Claimant's response doubles down on the non-compliance by re-filing the same documents, including apparent full social security numbers, as exhibits to its response.

Although there are others, the most serious omission of compliance is the lack of any signature certifying the claim as true, accurate and correct as required by Official Form 10 and the applicable rules of procedure addressed above. This omission is particularly acute in this case given the hand-written attachment to the claim of unknown origins and provenance. *See* Fed. R. Bankr. P. 3001(c)(1), (2)(A). Absent a signature standing up for its truthfulness and correctness, the document is of dubious worth, even apart from its general incomprehensibility.[1] The court finds that the documents filed as Claims 6-1 and 6-2

---

[1] The court in *In re Nittany Enterprises*, 502 B.R. 447, 454 (Bankr. W.D. Va. 2012), states that "[a] signature on a proof of claim is not required by either the Bankruptcy Code or the Bankruptcy Rules." This court disagrees with this statement, as it is hard to interpret Rule 3001(b)(through use of the words "shall be executed by the creditor") and Rule

do not substantially comply with Official Form 10.

The effect of non-compliance is not necessarily, however, disallowance of the claim. Rather, the ramifications of non-compliance are, in the words of the Sixth Circuit Court of Appeals, "well-established." *In re Wingerter*, 594 F.3d 931, 941 (6th Cir. 2010). And the ramifications are that the proof of claim is deprived of the benefit under Rule 3001(f) of being prima facie evidence of the validity and amount of the claim. *Id*. (citing *Heath v. Am. Express Travel Realted Servs. Co., Inc. (In re Heath)*, 331 B.R. 424, 433 (B.A.P. 9th Cir. 2005)). That ramification for non-compliance makes particular sense in this case because of the omission of any signature on the claim serving to certify the truthfulness and the correctness of the amount sought from Debtor. As a result, Debtor has no evidentiary burden to carry in objecting and Claimant has the burden of both going forward and proving its claim by a preponderance of the evidence. *LTV Corp v. Gulf States Steel, Inc.*, 969 F.2d 1050, 1058 (D.C. Cir. 1992); *In re Gilbreath*, 395 B.R. 356, 364 (Bankr. S.D. Tex. 2008).

The lack of prima facie validity of the claim is material because the face of the filed documents raise significant issues with the amount of the claim being asserted.

The calculation seems to be at odds with the judgment document. The judgment awards attorneys fees in the specific amount of $1,375 and contemplates such additional "reasonable fees" as "will be determined upon the conclusion of this case." This language requires that additional fees be, first, reasonable. There is no information as to the services rendered, the dates of service, or the hourly rate(s) involved such that reasonableness is shown or can be determined. The language of the judgment contemplates that the state court would determine additional attorney's fees, with no indication that it has done so. Moreover, the court is unclear how additional fees could be continued to be added onto the judgment since its entry once, and if, the state court action was completed. The underlying cause of action and any documents or instruments on which it is based would be merged into the judgment.

The claim attachment seems to be calculating judgment interest on accruing judgment interest, although that is unclear. That may (or may not) be improper. *See Mayer v. Medancic*, 124 Ohio St. 3d (2009)(post-judgment interest is simple interest, absent agreement of the parties or a statutory provision authorizing it). Given the lack of clarity of the attachment, the manner in which the amount of the claim has been determined is suspect, which, again, is a problem since the document is not afforded the effect of prima facie validity.

Also, costs appear to be included on the claim attachment. There is no indication what they are for

---

9011(a)(through use of the words "shall be signed") as not requiring a signature by somebody.

and that they have been taxed by the clerk of the state court. *See* Ohio Rev. Code. §§ 2335.18, 2335.19(A).

In this case the inability of the court to afford Claim documents 6-1 and 6-2 the benefit of prima facie validity under Rule 3001(f) and *Wingerter* as to the amount of the debt is a critical problem with the claim, not merely a technical one. Claimant's non-appearance at the hearing in furtherance of prosecuting its claim and meeting its burden thus leads the court to sustain the Claim Objection.

Based on the foregoing reasons and authorities and as otherwise stated on the record by the court at the hearing,

**IT IS THEREFORE ORDERED** that Debtor's Objection to Claim Number 6 [Doc. # 26] of Claimant HCF of Lima, Inc is **GRANTED**; and

**IT IS FURTHER ORDERED** that Claim Nos. 6-1/ 6-2 (amended) are disallowed; and

**IT IS FINALLY ORDERED** that notwithstanding disallowance, Claimant's counsel must take the steps required under the court's applicable procedures, as authorized and directed by Fed. R. Bankr. P. 9037(d)(1), to redact the social security numbers from Claim No. 6-2 (amended) and the filing at Doc. # 32. These steps must be taken by **August 14, 2015.**[2]

####

---

[2] *See* Local Bankruptcy Rule 9037-1 and the redaction Form Order, which can be located on the court's website under Forms/Local Forms/All Offices/Redaction. Court staff can walk counsel through this process.